NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re ANONYMOUS MEDIA RESEARCH HOLDINGS, LLC,**
*Petitioner*

---

2024-139

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 1:23-cv-01143-RP, Judge Robert L. Pitman.

---

**ON PETITION**

---

Before LOURIE, HUGHES, and STARK, *Circuit Judges*.

LOURIE, *Circuit Judge*.

## O R D E R

On July 10, 2024, the United States District Court for the Western District of Texas ("WDTX") issued an order transferring Anonymous Media Research Holdings, LLC ("AMR")'s patent infringement action against Roku, Inc. to the United States District Court for the Northern District of California ("NDCA"). AMR now petitions this court for a writ of mandamus directing the district court to reverse or vacate that order. We deny the petition.

In its July 10th order, the district court recognized that "when the transferee venue is 'not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected,'" Appx0003 (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc)), but found Roku had shown good cause to transfer. The court reasoned that NDCA had a stronger local interest because "Roku is headquartered there," "the technologies at issue were developed in part in the NDCA," "a number of likely witnesses are located in the NDCA," and AMR did not have any meaningful connection to WDTX. Appx0013.

The district court also determined that the cost of attendance of willing witnesses factor strongly favored transfer, finding "many relevant witnesses are located within the NDCA . . . while few, if any, likely witnesses are located in this district." Appx0011. Although AMR identified three current and two former Roku employees in WDTX as potential witnesses, the court found that "[t]here is no reason to think that the Roku [employees] in this district that AMR identified will provide any relevant testimony," and, as to the former employees, "Roku has disputed their relevance and provided seven potential witnesses located in NDCA who would have more information than the two that AMR presented." Appx0009–0010.

The court added that NDCA could compel the testimony of more potential third-party witnesses, Appx0009, and that it would be easier to access sources of proof in that forum if the action was transferred because Roku's source code, documents, and team that handled those materials are in NDCA, and, at best, "Roku may have one specific piece of evidence in" the WDTX, Appx008. Having concluded that several of the relevant "factors weigh overwhelmingly in favor of transfer" and "[n]o factor weighs in favor of keeping venue in the Western District of Texas," Appx0013–014, the court concluded that NDCA was clearly more convenient than WDTX, and therefore granted

transfer. AMR then filed this petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1295(a)(1) and 1651.

Mandamus is "reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). A petitioner must show that: (1) it has a clear and indisputable right to relief; (2) it does not have any other adequate method of obtaining relief; and (3) the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted). In the context of transfer rulings under § 1404(a) arising out of the Fifth Circuit, we must deny mandamus unless it is clear "that the facts and circumstances are without any basis for a judgment of discretion." *Volkswagen*, 545 F.3d at 317 n.7. We cannot say that AMR has satisfied that demanding standard.

As to the local interest factor, AMR has not made a compelling showing that the district court impermissibly focused only on the parties as opposed to the events giving rise to this case. The court also considered and rejected AMR's arguments about the relevance of current and former Roku employees in WDTX and potential third-party prior art witnesses in NDCA, and we are not prepared to say that the court's conclusions on those issues are plainly incorrect. In addition, while AMR contends that the district court should have given more weight in its analysis to the fact that potential witnesses in the United Kingdom, New York, and Boston would have to travel less of a distance to WDTX than to NDCA, we cannot say that it was unreasonable for the district court here to conclude that, on balance, it would be more convenient to allow many witnesses to testify close to home than to require all potential witnesses to travel a significant distance to appear at trial. We have considered AMR's remaining arguments on the other factors and find them unpersuasive to warrant granting its request for this extraordinary relief.

Accordingly,

4          IN RE ANONYMOUS MEDIA RESEARCH HOLDINGS, LLC

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

September 11, 2024                    Jarrett B. Perlow
Date                                         Clerk of Court